IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANA EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-332-TCK-JFJ |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Geico Casualty Company's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support. (Doc. 12).

**I.  BACKGROUND**

According to the Amended Complaint, on December 23, 2017, Plaintiff was struck by a car while walking in the JCPenney parking lot in Tulsa, Oklahoma. (Doc. 10 at 2). Plaintiff states that the injuries she sustained from the accident resulted in permanent injury and more than $20,000 in medical expenses, which are ongoing and will continue for the rest of her life. *Id.* At the time of the accident, Plaintiff was covered by an uninsured motorist (UM) policy with GEICO. *Id.* While her medical care in the wake of the accident was still ongoing, Plaintiff initiated a UM claim with GEICO for benefits under her UM policy. *Id.* at 3. After reaching maximum medical improvement and being released by her treating physicians, Plaintiff submitted a demand for benefits to GEICO on August 21, 2018. *Id.* Plaintiff's demand included documentation of all necessary medical records and expenses. *Id.* Upon receipt of Plaintiff's demand, GEICO made no requests for documentation from Plaintiff, except that GEICO inquired about the tortfeasor's policy limit, which Plaintiff did not have at the time. *Id.*

Plaintiff eventually filed suit against tortfeasor on May 27, 2019, and in the course of that litigation, Plaintiff learned of tortfeasor's $50,000 liability insurance policy limit. *Id.* GEICO filed a Motion to Intervene in Plaintiff's suit against tortfeasor on February 18, 2020, asserting intervention as a matter of right under Okla. Stat. tit. 12 § 2024(A)(2) or, in the alternative, permissive intervention under § 2024(B)(2). (Doc. 13-1 at 1-3).[1] Between the time GEICO requested tortfeasor's policy limit from Plaintiff and GEICO's Motion to Intervene in the litigation against tortfeasor, GEICO had not corresponded with Plaintiff or tendered any payment to Plaintiff under the UM policy. (Doc. 10 at 3). Over Plaintiff's objection, GEICO was allowed to intervene in Plaintiff's suit against tortfeasor, under Okla. Stat. tit. 12 § 2024(B)(2), (Doc. 13-2), and GEICO filed an Answer in the litigation, alleging that "Plaintiff's counsel has spurned" its efforts to investigate and evaluate the UM claim and raising several potential affirmative defenses against Plaintiff's claims for relief, (Doc. 13-3).[2]

Plaintiff, in turn, filed her complaint against GEICO on July 10, 2020, seeking punitive and compensatory damages for breach of contract and bad faith. (Doc. 2). GEICO filed a Motion to Dismiss on August 10, 2020 (Doc. 7), and Plaintiff filed her Amended Complaint on August 28, 2020, pursuant to Fed. R. Civ. P. 15(a)(1)(B). (Doc. 10). Plaintiff's Amended Complaint supplemented the factual allegations but did not add any new claims for relief. *Id.* Plaintiff's Amended Complaint lists ten bases for bad faith, which essentially allege unreasonable delay in payment of benefits, failing to properly evaluate or investigate Plaintiff's UM claim, and failing

---

[1] In the context of a motion to dismiss, a court may consider a document when its authenticity is not in dispute, it is central to a plaintiff's claim, and it is referenced in the complaint. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005).

[2] "Federal Rule of Evidence 201 authorizes court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party." *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997).

to adopt and implement reasonable standards for investigation, evaluation, and handling of claims. *Id.* at 6-7. On September 10, 2020, Defendant filed its Motion to Dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to state plausible claims against Defendant under the *Iqbal-Twombly* pleading standards. (Doc. 12 at 1). Plaintiff filed her Response in Opposition to Defendant's motion on October 1, 2020, (Doc. 13), and Defendant's Reply was filed on October 15, 2020, (Doc. 15).

## II.  LEGAL STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted) (alteration original). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the

3

allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. DISCUSSION

#### A. Breach of Contract

As a preliminary matter, the Court notes that GEICO's Motion to Dismiss nominally seeks dismissal of the Amended Complaint in its entirety. (Doc. 12 at 1). However, GEICO does not brief the issue of breach of contract, and the Court declines to address this issue in the absence of briefing by GEICO. Accordingly, to the extent that GEICO seeks to dismiss Plaintiff's breach of contract claim, the same is denied.

#### B. Breach of the Duty of Good Faith and Fair Dealing

Plaintiff premises her bad faith claim on the fact that, as a first-party insurer, GEICO had a duty to investigate and tender payment on Plaintiff's UM claim within a reasonable time after Plaintiff submitted her demand to GEICO in August, 2018. Plaintiff takes particular exception to the fact that GEICO intervened in her suit against the tortfeasor—which Plaintiff argues is "done solely in an attempt to *avoid* its obligations as a first-party insurer and avoid paying [Plaintiff] the benefits she is owed." (Doc. 13 at 4). Plaintiff suggests that, by inserting itself into Plaintiff's litigation against the tortfeasor, GEICO was impermissibly placing the burden of claim investigation and evaluation onto Plaintiff and implicitly denying Plaintiff's claim. *Id.* at 8. Had GEICO properly evaluated and investigated the claim, Plaintiff argues, it would have discovered that the claim "clearly exceeded" the tortfeasor's policy limits and promptly tendered payment up to Plaintiff's UM policy limit; instead, GEICO intervened in Plaintiff's lawsuit against the tortfeasor and adopted tortfeasor's defenses as to liability, causation, and damages. *Id.* at 8-11.

Plaintiff attempts to draw parallels between the present case and *Brown v. Patel*, wherein a UM insurer sought to intervene in the insured's lawsuit against the tortfeasor, asserting both affirmative defenses against the insured and a subrogation claim against the tortfeasor. 175 P.3d 117, 122-23 (Okla. 2007). While the Oklahoma Supreme Court affirmed an insurer's "right to judicially contest the conditions that would give rise to an obligation to pay UM insurance," it ultimately reversed the summary judgment in favor of the UM insurer, concluding that the reasonableness of the insurer's litigation conduct was a question for the jury. *Id.* at 127-30. Similarly, Plaintiff contends, that such conduct and failure to pay any UM benefits raises a plausible inference of bad faith. *Id.*

For its part, GEICO's chief point of dispute appears to be with Plaintiff's use of boilerplate language in the "Theories of Recovery" section of her Amended Complaint. (Doc. 12 at 3-12). In essence, GEICO argues that, not only do the Amended Complaint's factual allegations fail to underwrite the elements of bad faith, but Plaintiff makes no attempt to connect the boilerplate language to her factual allegations. (*Id.* at 4; Doc. 15 at 1). Consequently, as GEICO argues, Plaintiff's claims for relief are merely formulaic recitals of legal conclusions. (Doc. 12 at 4). Moreover, GEICO appears to cast the Plaintiff's bad faith claim as premised solely on GEICO's intervention in the litigation against the tortfeasor. *Id.* at 12. GEICO argues that the upshot of *Patel*, in affirming an insurer's right to judicially contest the conditions that give rise to an obligation to pay UM insurance, is that intervention alone is not dispositive of bad faith—there must be something more. *Id.* at 12-13. To that end, GEICO contends that the "'other' factors do not exist" in this case, and therefore, Plaintiff's facts do not rise above conclusory statements that are not accorded an assumption of truth. *Id.* at 13.

While the facts as pleaded do not support all of the wide-reaching theories of bad faith alleged in the Amended Complaint, the Court nevertheless declines to broadly pronounce that the style of Plaintiff's Amended Complaint fails to meet the pleading standards of *Iqbal*/*Twombly*. Specifically, to the extent that Plaintiff argues GEICO breached its duty of good faith by failing to determine the tortfeasor's liability limit, Plaintiff is misguided. The duties of a first-party insurer attach to a UM insurer only after the conditions of UM coverage have obtained. *Gates v. Eller*, 22 P.3d 1215, 1219 (Okla. 2001) (holding that an "injured insured must demonstrate that the **preconditions for loss under the uninsured motorist coverage exist** before he or she can recover under the primary uninsured motorist coverage"). An element of UM coverage is that the tortfeasor is uninsured or underinsured, and under Oklahoma law, the burden of determining the tortfeasor's liability insurance limit is placed on the insured, unless explicitly shifted in the UM insurance contract. *Brown v. United Servs. Auto. Ass'n*, 684 P.2d 1195, 1201 (Okla. 1984). Thus, based on the facts as pleaded in the Amended Complaint, the Court finds that, as a matter of law, GEICO did not breach its duty of good faith and fair dealing by requiring Plaintiff to determine tortfeasor's liability limit as a precondition of UM coverage.

However, with respect to the Plaintiff's allegations of unreasonable delay in payment of policy benefits and improper evaluation of her UM claim, the Court finds that Plaintiff has pleaded sufficient content to support a plausible inference of bad faith. Plaintiff alleges that (1) she opened a claim for UM benefits on February 27, 2018; (2) sent her medical bills and records to GEICO on August 21, 2018, which included more than $20,000 in medical expenses; and (3) received no further requests from GEICO except the tortfeasor's policy limit. (Doc. 10 at 3). Construing the facts in a light most favorable to Plaintiff, it is plausible that Plaintiff's claim would have exceeded the tortfeasor's policy limit of $50,000 because she had at least $20,000 in medical expenses and

suffers from permanent injuries that will require ongoing medical maintenance, and GEICO would have discovered the tortfeasor's policy limit—at the very latest—in February, 2020, when it intervened in Plaintiff's suit against the tortfeasor. Oklahoma law requires a UM insurer to offer prompt payment when it "determines that the likely worth of the claim exceeds the liability limits" of the tortfeasor. *Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1112 (Okla. 1991). Given that GEICO had not tendered any payment on the claim at the time Plaintiff filed the Complaint—five months after GEICO would have discovered the tortfeasor's policy limit—Plaintiff has raised a plausible claim for breach of the duty of good faith for unreasonable delay of payment.

## IV. CONCLUSION

For the reasons set forth above, GEICO's Motion to Dismiss is DENIED.

**SO ORDERED this 22nd day of March, 2022.**

*/s/ Terence C. Kern*
TERENCE C. KERN
United States District Judge